DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VIS Sales, Inc., ) | |
| ) | CASE NO. 5:07 CV 2026 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Old School Transport, LLC, et al., ) | |
| ) | (Resolving Doc. No. 3) |
| Defendant(s). ) | |
| ) | |

On July 6, 2007, this action alleging state law claims of breach of contract, negligence and fraud was removed by the defendants from the Summit County Court of Common Pleas.

On July 12, 2007, defendants filed a motion to dismiss (Doc. No. 3) asserting that plaintiff's state law claims are completely preempted by 49 U.S.C. § 14706 (the "Carmack Amendment"). By Order dated July 13, 2007, this Court directed the plaintiff to file a response to the motion to dismiss by July 31, 2007. See Doc. No. 4. On July 31, 2007, plaintiff filed a motion for extension of time to August 10, 2007 to file its response, alleging office computer problems that precluded its ability to timely file the response. By non-document order, the Court granted the extension.

On August 10, 2007, instead of filing a response to the motion to dismiss, plaintiff filed a First Amended Complaint, without leave of Court. The Court has compared the First Amended Complaint to the original Complaint which was filed in the Summit County Court of Common Pleas. The original Complaint set forth three state law claims: breach of contract, negligence

(5:07 CV 2026)

and fraud.  This Complaint was removed by the defendants on the assertion that, although framed in terms of state law, it actually constituted a federal question involving commerce under 49 U.S.C. § 14706.  The First Amended Complaint asserts federal question jurisdiction under 28 U.S.C. § 1331 and 1337 and 49 U.S.C. § 14706.  Although many of the allegations are still framed in terms of "material breach of the transport agreement,"  the First Amended Complaint arguably sets forth a single claim under the Carmack Amendment.  Therefore, defendants' motion, although unopposed, is denied.

## II.  DISCUSSION

The facts underlying the Complaint and the First Amended Complaint are simple.  Plaintiff, a company licensed to sell used motor vehicles, alleges that it purchased three vehicles at an auction in Michigan, including a 2003 Cadillac Escalade which was a "specialty vehicle," and entered into a contract with the defendants to transport the vehicles to Las Vegas, Nevada, where plaintiff had a buyer waiting for the Escalade.  The contract price for the transport was $800 per vehicle.  Plaintiff alleges that the Escalade was significantly damaged in transport and that the purchaser refused to accept it, causing plaintiff to suffer damages.

The Carmack Amendment to the Interstate Commerce Act, set forth at 49 U.S.C. § 14706 (formerly 49 U.S.C. § 11707), establishes a uniform national liability policy for interstate carriers.  It provides in relevant part:

> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading.  *The liability*

(5:07 CV 2026)

> *imposed under this paragraph is for the actual loss or injury to the property . . . .*
> (emphasis added).

The Supreme Court concluded long ago that the Carmack Amendment's regulation of interstate commerce carriers is so complete that "there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913).

The Sixth Circuit has held that "when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." American Synthetic Rubber Corp. v. Louisville & Nashville Ry. Co., 442 F.2d 462, 466 (6th Cir. 1970); see also W.D. Lawson & Co. v. Penn Cent. Co., 456 F.2d 419 (6th Cir. 1972) (holding that Carmack Amendment preempts common law suits relating to shipment of goods by interstate carriers); Toledo Ticket Co. v. Roadway Exp., Inc., 133 F.3d 439, 441 (6th Cir. 1998) (same).  This is still good law in this circuit.

The Carmack Amendment is the sole remedy available to the plaintiff and it preempts all state law claims, including claims for breach of contract.  Although plaintiff did not seek leave to amend the complaint after the motion to dismiss on the ground of preemption had already been filed, since liberal amendment of pleadings at this early stage would typically be the rule, the Court will permit the amendment of the complaint.

Arguably, plaintiff's First Amended Complaint adequately sets forth a claim under the Carmack Amendment and sufficiently puts defendants on notice as to the nature of the claim.

(5:07 CV 2026)

### III. CONCLUSION

Having concluded, for purposes of a motion to dismiss filed very early in the proceedings, that plaintiff's First Amended Complaint arguably states a claim under the Carmack Amendment of the Interstate Commerce Act, the defendants' motion to dismiss (Doc. No. 3) for failure to state a claim is denied.

Defendants shall forthwith file their answer to the First Amended Complaint so that the Court can move forward with the Case Management Conference.

IT IS SO ORDERED.


 August 17, 2007                                  *s/ David D. Dowd, Jr.*
Date                                              David D. Dowd, Jr.
                                                  U.S. District Judge